IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Beckley Division

JOYCE PATTERSON, on behalf of herself
and all others similarly situated,

    Plaintiffs,

v.                                                       Case No. 5:18-cv-00281

BRANCH BANKING AND TRUST
COMPANY,

    Defendant.

## NOTICE OF REMOVAL

TO:

David Stover, Clerk
Wyoming County Courthouse
P.O. Box 190
24 Main Avenue
Pineville, WV 24874

Ralph C. Young, Esq.
Christopher B. Frost, Esq.
Steven R. Broadwater, Jr., Esq.
HAMILTON, BURGESS, YOUNG & POLLARD PLLC
P.O. Box 959
Fayetteville, WV 25840

Jed R. Nolan, Esq.
MOUNTAIN STATE JUSTICE, INC.
1031 Quarrier Street, Suite 200
Charleston, WV 25301

    NOTICE IS HEREBY GIVEN to you in accordance with the provisions of 28 U.S.C.

§§ 1332, 1446 and 1453 that defendant Branch Banking and Trust Company ("BB&T") hereby

4840-8195-4652.v1

removes this action to the United States District Court for the Southern District of West Virginia on the following ground(s):

I. **BACKGROUND.**

1. On or around December 27, 2017, the plaintiff filed a putative class action styled "*Joyce Patterson v. Branch Banking and Trust Company*," Civil Action No. 17-C-162, in the Circuit Court of Wyoming County, West Virginia. A copy of the docket sheet from the Circuit Court of Wyoming County, the Summons, Complaint, and other papers served upon BB&T are attached hereto as Exhibit A.

2. On January 10, 2018, the West Virginia Secretary of State, as statutory agent, accepted service on behalf of BB&T. On January 16, 2018, CT Corporation, as appointed agent, received a copy of the Summons and Complaint.

3. This Notice of Removal is timely filed within 30 days of the date of receipt of the Summons and Complaint. 28 U.S.C. § 1446(b).

II. **REMOVAL PURSUANT TO THE CLASS ACTION FAIRNESS ACT.**

4. The Class Action Fairness Act ("CAFA") allows a class action[1] to be removed to federal court if: (1) the number of members of the proposed class is 100 or more; (2) any member of the class is a citizen of a state different from that of any defendant; and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2); *id.* § 1332(d)(5)(B).

A. **The Proposed Class Includes 100 or More Members.**

5. The Complaint alleges that when the plaintiff failed to make required credit card payments, BB&T sent a letter stating that "[y]our agreement with us provides that you will be liable for reasonable attorney's fees and costs of collection, in the event that we must initiate a

---

[1] CAFA allows removal regardless of whether or not a class certification order has been entered. 28 U.S.C. § 1332(d)(8).

lawsuit against you to collect your outstanding balance." [Compl. ¶¶ 6, 8]. The Complaint alleges that this notice was in violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA") and states, "Plaintiff brings this action on her own behalf and on behalf of all other similarly situated individuals pursuant to Rule 23 of the West Virginia Rules of Civil Procedure." [*Id.* ¶15]. The Complaint defines the proposed class to include:

> All West Virginia citizens at the time of the filing of this action who, within the applicable statute of limitations preceding the filing of this action through the date of class certification, had or have loans serviced by the Defendant and received letters similar to Plaintiff.

[*Id.*]. The Complaint did not set parameters as to what the plaintiff contends are "similar letters."

6. BB&T has determined that from November 12, 2013 (the 4-year statute of limitations period)[2] to the present, it sent similar letters to West Virginia account holders for no less than 1,600 separate credit card accounts. Accordingly, the number of members of the proposed class is 100 or more.

**B. A Member of the Purported Class is a Citizen of a State Different than That of BB&T.**

7. BB&T is a North Carolina corporation with its principal place of business in Winston-Salem, North Carolina. The plaintiff is a citizen of West Virginia. [*Id.* ¶2]. Additionally, the proposed class definition is geographically limited to "West Virginia citizens." [*Id.* ¶15]. Accordingly, a member of the proposed class is a citizen of state different than that of BB&T.

---

[2] Pursuant to Section 46A-5-108(c) of the Code, the statute of limitations was tolled for a forty-five day period during the pendency of a right to cure letter, which is why the four-year limitations goes back to November 12, 2013 as opposed to December 27, 2013.

C. **The Amount in Controversy.**

8. CAFA requires that the amount in controversy exceed $5,000,000. 28 U.S.C. § 1332(d)(2). Under CAFA, claims of all potential individual class members are aggregated to determine whether the controversy occasioned by the claims in the complaint reasonably meets or exceeds $5,000,000. 28 U.S.C. § 1332(d)(6).

9. BB&T has determined that, Plaintiff's proposed class definition, set out in paragraph 5 above, reasonably implicates no fewer than 2,256 letters.

10. In determining the amount-in-controversy, the maximum possible statutory penalty is to be considered. *See Jefferson v. Quicken Loans, Inc.*, No. 5:13CV59, 2013 WL 3812099, at *2 (N.D.W. Va. July 19, 2013) ("As a general rule, when there is a maximum penalty by statute, it is appropriate to measure the amount in controversy by the maximum and not by what the plaintiff is likely to win. This method of measuring amount in controversy is also the common practice in cases under the West Virginia Consumer Credit Protection Act which have been removed to federal court") (citations omitted); *Countryman v. NCO Financial System, Inc.*, No. 5:09–cv–00288, 2009 WL 1506720, at *2 (S.D.W. Va. May 27, 2009) ("For the purpose of calculating the amount in controversy, the Court uses the maximum total statutory penalties that may be imposed on Defendants under the WVCCPA.").

11. The WVCCPA was amended effective June 12, 2015. Prior to June 12, 2015, Section 46A-5-101 of the Code provided that for each violation, the creditor was subject to a penalty in an amount between $100 and $1,000. Section 46A-5-106 provides that a court may increase penalties to account for inflation. Prior to June 12, 2015, Section 46A-5-106 specified the inflation adjustment was "from the time that the West Virginia consumer credit and protection act became operative, specifically 12:01 a.m. on the first day of September, one

thousand nine hundred seventy-four, to the time of the award of damages in an amount equal to the consumer price index."

12. With the June 12, 2015 amendments, Section 46A-5-101 now provides that for each violation, the creditor is subject to a penalty per violation of $1,000. Section 46A-5-106 now provides that the court may still adjust for inflation, but that the inflation adjustment is to be made from September 1, 2015.

13. Letters mailed on or after June 12, 2015 are undisputedly subject to a maximum, inflation-adjusted penalty of $1,036 per letter. Plaintiffs and BB&T are likely to disagree whether the 2015 amendment to Section 46A-5-106 applies to penalties / damages awarded with respect to letters sent prior to June 12, 2015.[3] Assuming only for purpose of determining the maximum possible penalty implicated by the plaintiffs' class claim, and while reserving all arguments to the contrary, if the inflation adjustment is deemed to occur from September 1, 1974, the maximum, inflation-adjusted penalty for letters sent prior to June 12, 2015 is $4,872 per letter.[4]

---

[3] The 2015 amendments to Section 46A-5-101 are somewhat irrelevant in the amount-in-controversy analysis because prior to June 12, 2015, the highest penalty per violation under Section 46A-5-101 was $1,000. After June 12, 2015, the highest penalty per violation under Section 46A-5-101 is still $1,000. Again, it is the operative date for any inflation adjustment under Section 46A-5-106 that is determinative.

[4] In light of the Supreme Court of Appeals' recent decision in *Martinez v. Asplundh Tree Expert Co.*, 803 S.E.2d 582, 2017 WL 2626648 (W.Va. June 16, 2017), as well as other case law, BB&T believes that the 2015 amendments to Section 46A-5-106 apply to any penalties / damages awarded after June 12, 2015, even if the underlying violation occurred prior to that date. However, the Supreme Court of Appeals has not decided the above issue, and other courts have applied the pre-amendment versions of Sections 46A-5-101 and 46A-5-106 to violations occurring prior to June 12, 2015, even if the award of penalties / damages occurred after. *See Alig v. Quicken Loans Inc.*, No. 5:12-cv-114, 2017 WL 5054287, at *29 (N.D.W. Va. July 11, 2017) ("For violations that occurred before 2015, which covers all of the class members' appraisals, the Court has discretion to award penalties in an amount 'not less than one hundred dollars or more than one thousand dollars." W. Va. Code § 46A-5-101(1). A civil penalty imposed by the court may be adjusted for inflation since September 1, 1974, in an amount equal to the consumer price index. § 46A-5-106. The penalty of $100 in 1974 adjusted for inflation to 2017 dollars is $494.12, and for $1000 is $4941.24.") (citation omitted).

14. Applying the maximum penalty assumptions above, and while reserving all contrary arguments, the potential penalties implicated for 2,256 letters totals over $6 million (1,004 potential violations at a maximum penalty of $4,872 and 1,252 potential violations at a maximum penalty of $1,036).

15. This amount clearly exceeds CAFA's $5 million amount-in-controversy threshold.

WHEREFORE, BB&T hereby removes the above-captioned action from the Circuit Court of Wyoming County, West Virginia and requests that further proceedings be conducted in this Court as provided by law.

Respectfully submitted this 8th day of February, 2018.

BRANCH BANKING AND TRUST COMPANY

**By Counsel**

/s/ Jonathan L. Anderson
Jonathan L. Anderson (WVSB #9628)
jlanderson@jacksonkelly.com
Chelsea A. Creta (WVSB #13187)
chelsea.creta@jacksonkelly.com
JACKSON KELLY PLLC
1600 Laidley Tower
Charleston, WV 25322
Tel: (304) 340-1000
Fax: (304) 340-1050

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### Beckley Division

**JOYCE PATTERSON, on behalf of herself and all others similarly situated,**

    Plaintiffs,

v.                                  Case No. 5:18-cv-00281

**BRANCH BANKING AND TRUST COMPANY,**

    Defendant.

### CERTIFICATE OF SERVICE

I, Jonathan L. Anderson, hereby certify that I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system this 8th day of February, 2018, which will send notification of such filing to the following CM/ECF participants:

> Ralph C. Young, Esq.
> ryoung@hamiltonburgess.com
> Christopher B. Frost, Esq.
> cfrost@hamiltonburgess.com
> Steven R. Broadwater, Jr., Esq.
> sbroadwater@hamiltonburgess.com
> HAMILTON, BURGESS, YOUNG & POLLARD PLLC
> P.O. Box 959
> Fayetteville, WV 25840
>
> Jed R. Nolan, Esq.
> jed@msjlaw.org
> MOUNTAIN STATE JUSTICE, INC.
> 1031 Quarrier Street, Suite 200
> Charleston, WV 25301
> *Counsel for Plaintiff*

                                      /s/ Jonathan L. Anderson
                                      Jonathan L. Anderson (WVSB #9268)